UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE A. ARELLANO KEHM, | No. 2:16-cv-01918 AC |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

## I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on March 20, 2012. Administrative Record ("AR") 12.[2] In a prior application, plaintiff was granted SSI, but because she was incarcerated in a California State Prison at the time her benefits were terminated. Id. The 2012 application at issue here relates to an entirely new claim. Id. In her current application plaintiff alleged the disability onset date was December 1, 2002. Id. The applications were disapproved initially and on reconsideration. Id. On January 7, 2015, ALJ Carol A. Eckersen presided over a hearing on plaintiff's challenge to the disapprovals. AR 39-80 (transcript). Plaintiff was present via videoconference and testified at the hearing. AR 12. She was represented by attorney Donald E. Bartholomew at the hearing. Id. Thomas C. Reed, a Vocational Expert, also testified at the hearing. Id.

On March 12, 2015, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 12-26 (decision), 27-36 (exhibits). On June 15, 2016, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-7 (decision and exhibit list).

Plaintiff filed this action on August 14, 2016. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 10. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 19 (plaintiff's summary judgment motion), 27 (Commissioner's summary judgment motion).[3]

## II. FACTUAL BACKGROUND

Plaintiff was born on September 2, 1976, and accordingly was 35 years old when she filed her application. AR 24. Plaintiff has a limited education and is able to communicate in English. AR 24, 369.

---

[2] The AR is electronically filed at ECF Nos. 14-3 to 14-22(AR 1 to AR 1276).
[3] Plaintiff did not file a reply brief.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Comm'r., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a. Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

4

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since March 20, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; neuropathy of the bilateral lower extremities; hearing loss; asthma; bipolar disorder; depression; anxiety; and post-traumatic stress disorder (20 CFR 416.920(c)).
>
> 3. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except that the claimant may only occasionally climb, stoop, kneel, crouch, or crawl. The claimant is able to frequently balance. The claimant should avoid moderate exposure to noise and avoid work around loud noises. The claimant must also avoid concentrated exposure to fumes, odors, and dusts, as well as workplace hazards. Finally, the claimant is capable of only simple and repetitive tasks, with only occasional interaction with the public, coworkers, and supervisors.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born on September 2, 1976 and was 35 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue

| | |
|---|---|
| 1 | because the claimant does not have past relevant work (20 416.964). |
| 2 | |
| 3 | 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)). |
| 4 | |
| 5 | 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 20, 2012, the date the application was filed (20 CFR 416.920(g)). |
| 6 | |

AR 14-26.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff alleges the ALJ made four reversible errors: "(1) ALJ Eckersen did not incorporate treating and examining physicians' diagnoses of a severe impairment – HIV – which must be included in Step-2 and reflected in the RFC at Step-3. (2) ALJ Eckersen failed to include mental impairment limitations found by consultative, non-examining sources to which she granted substantial weight. (3) ALJ Eckersen's residual functional capacity determination does not include restrictions found by. . . Ms. Kehm's treating physician Dr. Bessaga, which was granted some weight. (4) There was no foundation for the vocational expert ("VE") testimony as to the number of jobs available that Ms. Kehm could do." ECF No. 19 at 5.

### A. The ALJ Did Not Err in Classifying Plaintiff's HIV as Non-Severe

Plaintiff's cannot prevail on her claim that the ALJ did not properly account for her HIV as a severe impairment at Step 2, because the ALJ properly found insufficient evidence in the record to demonstrate that plaintiff's HIV more than minimally impacted her ability to work. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were taken into account. Bowen v. Yuckert, 482 U.S. 137, 153 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is

merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p, 1996 SSR LEXIS 10 (1996)). The step two severity determination is "merely a threshold determination of whether the claimant is able to perform his past work. Thus, a finding that a claimant is severe at step two only raises a prima facie case of a disability." Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007).

At the second step, plaintiff has the burden of providing medical evidence of signs, symptoms, and laboratory findings that show that his or her impairments are severe and are expected to last for a continuous period of twelve months. Ukolov v. Barnhart, 420 F.3d 1002, 1004-05 (9th Cir. 2005); see also 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.909, 416.920(a)(4)(ii). An ALJ's finding that a claimant is not disabled at step two will be upheld where "there are no medical signs or laboratory findings to substantiate the existence of medically determinable physical or mental impairment." Ukolov, 420 F.3d at 1005.

Plaintiff's allegation that "[t]here is no reasonable dispute" that an HIV diagnosis "carries with it … impairment" is unsupported. ECF No. 19 at 6-7. To the contrary, in the context of the Social Security Act, the mere diagnosis of a medical issue -- even one as significant as HIV -- without documented associated symptoms or limitations is insufficient to establish disability. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of a disability"). A claimant must show she has a severe medically determinable impairment that is actually disabling. See id. ("[C]laimant bears the burden of proving that an impairment is disabling") (citation omitted); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999) ("Although the appellant clearly does suffer from diabetes, high blood pressure, and arthritis, there is no evidence to support his claim that those impairments are 'severe.'"). Plaintiff has not made such a showing.

Here, the ALJ provided a full analysis of plaintiff's HIV and properly concluded that there "were no medical signs or laboratory findings to substantiate" plaintiff's HIV as a "severe" impairment within the meaning of the Social Security Act. Substantial evidence supported the ALJ's findings. The ALJ referenced Dr. Samantha Bessaga's treatment records and opinion,

which indicated that plaintiff's HIV was well-controlled with medication and her viral loads ("VLs") were typically undetectable (AR 970, 1022, 1026, 1031, 1034, 1041, 1042, 1048). Likewise, Dr. Eugene McMillan remarked that plaintiff had undetectable viral loads and responded well to medication. AR 1059, 1062-63. "Impairments that can be controlled effectively with medication are not disabling [.]" Warre v. Comm'r., 439 F.3d 1001, 1006 (9th Cir. 2006). While both Dr. Bessaga and Dr. McMillan included plaintiff's HIV status in their notations regarding plaintiff's medical issues, but neither of them found her HIV infection "severe" within the meaning of the Social Security Act as plaintiff alleges. See AR 969-70, 1059-63.

Plaintiff's showing of cold sores due to herpes simplex virus ("HSV") does not indicate that plaintiff's HIV meets the requirements of Listing 14.08 for HIV with HSV. ECF No. 19 at 7-8. Plaintiff's argument that she had an HSV infection caused by HSV that lasted more than one month, as required to meet Listing 14.08(D)(2) for HIV with HSV, is not supported in the record. ECF No. 18 at 7-8, citing AR 1026, 1043 & 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 14.08(D)), see also AR 1043; see AR 1022-46. The May 2, 2012 diagnosis of HSV does not indicate how long the infection lasted or how widespread it was. AR 1043. The only other mention of HSV in the record is on a "Problems on-going (> 1 yr)" list on a visit note by Dr. Bessaga from a May 20, 2013 visit. AR 1022. However, on that same record, Dr. Bessaga did not include HSV in her "Assessment" notes, her subjective observation notes, or her "Plan and Follow Up" notes, indicating there was no evidence of sores at that time. AR 1022. All that remains is plaintiffs' subjective testimony, which the ALJ properly discredited as unreliable.[4] In the absence of "medical signs or laboratory findings to substantiate" HIV as a severe impairment, the ALJ's determination that it is not must be upheld. Ukolov, 420 F.3d at 1005.

////

////

---

[4] Plaintiff does not specifically challenge the ALJ's unreliability finding. A review of the ALJ's opinion reveals the ALJ had clear and convincing reasons for discounting plaintiff's testimony. See, Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

B. The ALJ Properly Accounted for Plaintiff's Mental Limitations

The ALJ properly accounted for plaintiff's moderate restrictions with respect to concentration, persistence, or pace findings by restricting plaintiff to simple, repetitive tasks in the RFC. AR 17-18. "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). An ALJ may "translate" limitations in persistence, pace, and/or concentration "into the only concrete restrictions available," such as a restriction to "simple tasks." Id. , see also Martin v. Astrue, No. 2:12-cv-0033-KJN, 2013 WL 552932, at *8 (E.D. Cal. Feb. 13, 2013) ("An ALJ may synthesize and translate assessed limitations into an RFC assessment without necessarily repeating each functional limitation verbatim in the RFC assessment . . .Moderate mental limitations are not necessarily inconsistent with an RFC for simple repetitive tasks, as long as such an assessment is generally consistent with the concrete restrictions identified in the medical evidence" )(internal citations omitted). Like in Stubbs-Danielson, the ALJ's limitation of plaintiff to simple, repetitive tasks adequately captures the moderate-to-insignificant limitations identified by Dr. Nicole Lazorwitz, which the ALJ adequately discussed and gave significant weight. AR 23.

To the extent plaintiff argues that the ALJ's hypothetical to the VE was incomplete because it did not specifically include a limitation on concentration, persistence, or pace, such an argument is inconsistent with the rule in the Ninth Circuit. ECF No. 19 at 13. The Ninth Circuit held in Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir.2007) that moderate mental limitations do not require vocational expert testimony. In Hoopai, a medical source determined that the claimant was moderately limited in "his ability to maintain attention and concentration for extended periods; his ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerance; and his ability to complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods." Id. The ALJ relied on the Grids at step five to determine that the claimant was not disabled, and plaintiff argued on

1 appeal that the ALJ was required to seek vocational expert testimony regarding the pace
2 limitations. Id. at 1075. The Ninth Circuit rejected that argument, holding that the moderate
3 mental limitations were not sufficiently severe to prohibit the ALJ from relying on the Grids
4 without the assistance of a vocational expert. Id. at 1077. Based on this precedent, the ALJ's
5 failure in this case to specifically include a concentration, persistence, or pace limitation in the
6 hypotheticals to the VE is, at worst, harmless error.

      C.   The ALJ Did Not Err by Failing to Address Dr. Bessaga's Sit/Stand Limitation

Plaintiff's argument that the ALJ erred by failing to discuss Dr. Bessaga's sit/stand limitation fails, because the ALJ specifically found that a sit/stand limitation was not supported by the record. ECF No. 19 at 15, AR 21-22. The ALJ found plaintiff's allegation that she "would require the option to sit and stand at will . . . entirely unwarranted in the record." Id. She found that the "record contains no evidence that the claimant requires a limitation on standing, beyond that which is contained in the residual functional capacity statement above." AR 21. Just a few paragraphs down, the ALJ discussed Dr. Bessaga's opinion and noted that Dr. Bessaga found that plaintiff "requires the ability to alternate sitting and standing every 15 to 20 minutes[.]" AR 22. The ALJ accorded Dr. Bessaga's opinion "some weight." Id. A closer look at Dr. Bessaga's opinion reveals that Dr. Bessaga specifically noted that "every 15-20 minutes [plaintiff] should be able to adjust posture[.]" AR 969.

The ALJ found a sit/stand limitation unwarranted for plaintiff, and it was not error for the ALJ to fail to repeat that finding multiple times in her order. Because the ALJ acknowledged the sit/stand limitation found by Dr. Bessaga, it is clear that Dr. Bessaga's note was not overlooked when the ALJ found there was no evidence to support a sit/stand limitation for plaintiff. AR 21-22. The fact that Dr. Bessaga's opinion was given "some weight" is not contradictory to a finding that the record as a whole did not support a sit/stand limitation. Even if it were error not to specifically discount the sit/stand limitation in the discussion of Dr. Bessaga's opinion itself, such error would be harmless and would not require reversal. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) (stating "we may not reverse an ALJ's decision on account of an error that is harmless").

D. There Was Adequate Foundation for the VE's Testimony

Plaintiff's argument that the VE's testimony lacks foundation cannot succeed because it contradicts binding Ninth Circuit precedent. Plaintiff argues that the "Seventh Circuit recently questioned the reliance of ALJs and VEs on the Dictionary of Occupational Titles at step five of the sequential analysis." ECF No. 19 at 15, citing Browning v. Colvin, 766 F.3d 702 (7th Cir. 2014). While plaintiff is correct that the Seventh Circuit has expressed skepticism regarding VE testimony, the Ninth Circuit has accepted without reservation VE testimony regarding the number, percentage, and location of jobs within a claimant's capacity. Under controlling Ninth Circuit law, an "ALJ may take administrative notice of any reliable job information, including information provided by a VE. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005). Under existing Ninth Circuit precedent, plaintiff's foundation argument fails.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 27), is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

SO ORDERED.

DATED: March 19, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

11